GREGORY M. SALVATO (SBN 126285)
Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 423-0931

Local Counsel for Defendant
DLP FUNDING LLC

[Captioned Continued on Next Page]

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In re:<br><br>HRONIS, INC., a California corporation, et al.,<br><br>Debtors-in-Possession. | Case No. 1:26-bk-10978<br>(Jointly Administered)<br><br>Chapter 11<br><br>Adv. Proc. No. 1:26-ap-01025<br><br>DCN: DLP-2 |
| CONTERRA AGRICULTURAL CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DLP FUNDING LLC,<br><br>Defendant. | **Defendant DLP Funding LLC's Answer to Plaintiff Conterra Agricultural Capital LLC's Complaint dated January 8, 2026**<br><br><u>Status Conference</u>:<br>Date: July 8, 2026<br>Time: 11:00 a.m. PST<br>Place: Courtroom 13 (5th Floor), 2500 Tulare Street, Fresno, CA 93721<br><br>Judge: Hon. René Lastreto II |

Continuation of Caption:

SHANNA M. KAMINSKI (P74013)
*Admitted Pro Hac Vice*
KAMINSKI LAW, PLLC
PO Box 247
Grass Lake, Michigan 49240-0247
Telephone: (247) 462-7111
skaminski@kaminskilawpllc.com

Attorneys for Defendant
DLP FUNDING LLC

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant DLP Funding LLC ("**Defendant**" or "**DLP**"), by and through its undersigned counsel, in its Answer to the Complaint filed on January 8, 2026 (Adv. Dkt. No. 6 to 11 in this transferred action) by Plaintiff Conterra Agricultural Capital LLC (the "**Plaintiff**"), admits, denies, and alleges as follows, and to the extent any of the headings set forth in the Complaint state an allegation of fact, Defendant denies the same:

## ANSWER TO JURISDICTION AND VENUE

1. DLP lacks knowledge or information sufficient to form a belief as to the truth of whether Conterra is a citizen of the State of Iowa, what purported damages Conterra alleges and whether it damages exceed the threshold for diversity jurisdiction cases. DLP denies the remainder of the allegations in Paragraph 1. DLP further states pursuant to Fed. R. Bankr. P. 7008 that it does not consent to the entry of final orders or judgment in this case.

2. DLP denies the allegations in Paragraph 2. Not only is DLP not a lender, it does not do business in the State of California.

3. DLP denies the allegations in Paragraph 3. DLP did not do any business in the State of California.

## ANSWER TO PARTIES

4. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. DLP admits it is a New York limited liability company and that its principal place of business is in New York. DLP denies the remaining allegations in Paragraph 5. DLP does not do business in the State of California.

## ANSWER TO FACTUAL ALLEGATIONS

6. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. DLP admits the allegations in Paragraph 7.

8. DLP lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 8.

9. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. DLP admits the allegations in Paragraph 22 but takes issue with

characterization of the Hronis entities as "Borrowers" because the transaction was not a loan. DLP refer to such entities as the "Sellers" herein.

23. DLP admits that it agreed to pay $13,453,570.20 but denies the remaining allegations in Paragraph 23 because they misstate the terms of the MSA.

24. DLP denies that, in the event of a default, the Sellers agreed that 100% of future receipts would transfer to DLP. DLP admits the remaining allegations in Paragraph 24.

25. DLP denies the allegations in Paragraph 25. Future Receipts are defined as "all of Merchant's Future Receipts, contract rights and other entitlements arising from or relating to the payment of monies from Merchant's customers' and/or other third party payors (the 'Future Receipts' defined as all payments made by cash, check, electronic transfer or other form of monetary payment deposited into Merchants Account(s)), for the payments to Merchant as a result of Merchant's sale of goods and/or services…"

26. DLP admits the allegations in Paragraph 26.

27. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 as it does not know what Conterra is informed of.

31. DLP admits the allegations in Paragraph 31.

32. DLP denies the allegations in Paragraph 32.

33. DLP denies the allegations in Paragraph 33.

34. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. DLP lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 35.

36. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. DLP denies the allegations in Paragraph 41.

42. DLP admits the allegations in Paragraph 42.

43. DLP admits the allegations in Paragraph 43.

44. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

**ANSWER TO FIRST CLAIM FOR RELIEF: CONVERSION**

**(Against DLP)**

46. DLP incorporates its answers to the foregoing paragraphs as though fully set forth herein.

47. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. DLP denies the allegations in Paragraph 50.

51. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, but states that consent is not required to send notices pursuant to either UCC §§ 9-406 or 9-607.

53. DLP denies the allegations in Paragraph 53.

54. DLP denies the allegations in Paragraph 54.

55. DLP denies the allegations in Paragraph 55.

**ANSWER TO SECOND CLAIM FOR RELIEF: INTENTIONAL INTERFERENCE WITH CONTRACT**

**(Against DLP)**

56. DLP corporates its answers to the foregoing paragraphs as though fully set forth herein.

57. DLP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

58. DLP denies it was aware of any contractual relationships between Conterra and the Conterra Borrowers. DLP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58.

59. DLP denies the allegations in Paragraph 59.

60. DLP denies the allegations in Paragraph 60.

61. DLP denies the allegations in Paragraph 61.

62. DLP denies the allegations in Paragraph 62.

63. DLP denies the allegations in Paragraph 63.

64. DLP denies the allegations in Paragraph 64.

65. DLP denies the allegations in Paragraph 65.

//

//

**<u>ANSWER TO THIRD CLAIM FOR RELIEF: UNFAIR BUSINESS PRACTICES</u>**

**<u>(CALIF. BUS. & PROF. CODE §17200, ET. SEQ.)</u>**

**(Against DLP)**

66. DLP incorporates its answers to the foregoing paragraphs as though fully set forth herein.

67. Paragraph 67 is a purported statement of law or legal conclusion to which no response is required.

68. DLP denies the allegations in Paragraph 68.

69. DLP denies the allegations in Paragraph 69.

70. DLP denies the allegations in Paragraph 70.

71. DLP denies the allegations in Paragraph 71.

**<u>ANSWER TO PRAYER FOR RELIEF</u>**

WHEREFORE, in answer to the Plaintiff's Prayer for Relief, DLP denies that Plaintiff is entitled to the relief requested or to any relief based on the Complaint, including Prayers for Relief 1 through 9 set forth therein, and further requests that DLP be awarded its costs and attorney's fees in defense of this suit, as provided by applicable case law, statute and/or agreement of the parties, if any.

**<u>AFFIRMATIVE DEFENSES</u>**

DLP alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. DLP specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

**(Failure to State a Claim, FRBP 7012, FRCP Rule 12(b)(6))**

1. DLP alleges that the Plaintiff is barred from any recovery against it on the grounds that the Complaint fails to state claims against DLP for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this

proceeding under Federal Rule of Bankruptcy Procedure 7012.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

**(No Subject Matter Jurisdiction)**

2. The Court lacks subject matter jurisdiction over the claims because Plaintiff does not have Article III constitutional standing to bring the claim as DLP has caused no injury to the estate or Debtors.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

**(Lack of Personal Jurisdiction)**

3. The Court lacks personal jurisdiction over DLP.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

**(Improper Venue)**

4. DLP alleges that Plaintiff's action was brought in the incorrect venue.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(No Standing)**

5. DLP alleges that Plaintiff lacks standing to bring some or all of the claims for relief alleged in the Complaint.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Reservation of Defenses / Additional Defenses)**

6. DLP presently having insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses, reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses become apparent and are applicable.

//

//

//

//

//

Date: June 11, 2026

KAMINSKI LAW, PLLC

By: ______________________________
Shanna M. Kaminski
*Admitted pro hac vice*

Attorneys for Defendant
DLP FUNDING LLC

-and-

SALVATO BOUFADEL LLP

By: */s/ Joseph Boufadel*
Joseph Boufadel
Gregory M. Salvato

Local Counsel for Defendant
DLP FUNDING LLC