United States Bankruptcy Court
Eastern District of California

Conterra Agricultural Capital, LLC,
Plaintiff

Adv. Proc. No. 26-01025-B

DLP Funding, LLC,
Defendant

# CERTIFICATE OF NOTICE

District/off: 0972-1 User: auto 
Date Rcvd: Jun 24, 2026 Form ID: pdf021 Total Noticed: 2

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 26, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Bernard J. Kornberg, Miller Nash LLP, 340 Golden Shores, Ste 450, Long Beach, CA 90802-4229 |
| aty | | Joseph Boufadel, Salvato Boufadel LLP, 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071-9500 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2026 Signature: /s/Gustava Winters

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**HRONIS, INC.**,<br><br>Debtor(s). | Case No. 26-10978-F-13 |
| CONTERRA AGRICULTURAL CAPITAL, LLC,<br><br>Plaintiff<br><br>v.<br><br>DLP FUNDING, LLC,<br><br>Defendant. | Adv. Proc. No. 26-01025-F-13<br><br>Docket Control #CAE-2<br><br>Date: July 29, 2026<br>Time: 11:00 a.m.<br>Place: U.S. Courthouse<br>2500 Tulare Street<br>Courtroom 13, Fifth Floor<br>Fresno, California<br><br>Honorable René Lastreto II |

**ORDER DIRECTING PLAINTIFF TO FILE CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P. 7007.1; ORDER TO SHOW CAUSE RE: FAILURE TO FILE CORPORATE OWNERSHIP STATEMENT; AND NOTICE OF INTENT TO GRANT *SUA SPONTE* MOTION TO DISMISS CASE**

Fed. R. Bankr. P. ("Rule") 7007.1 requires any nongovernmental corporation that is a party to an adversary proceeding, other than the debtor, to file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation. Rule 7007.1(a). The statement shall be filed with the corporation's first appearance, pleading, motion, response, or other request addressed to the court and shall be supplemented whenever the information required changes. Rule 7007.1(b)(1) and (2). This requirement applies to a

nongovernmental corporation seeking to intervene. The preferred method of providing the required disclosure is by filing the *Statement Regarding Ownership of Corporate Debtor/Party* ("Corporate Ownership Statement") form, which is available on the court's website as Form EDC 3-500.[1]

Under 11 U.S.C. § 101(9), the definition of the term "corporation":

> (A) includes—
> (i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;
> (ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;
> (iii) joint-stock company;
> (iv) unincorporated company or association; or
> (v) business trust; but
> (B) does not include limited partnership.

§ 101(9)(A) and (B).

On May 13, 2026, Conterra Agricultural Capital, LLC ("Conterra" or "Plaintiff"), an Iowa limited liability company, gave notice that the state court action entitled *Conterra Agricultural Capital, LLC v. DLP Funding, LLC, Case No. 1:26-cv-00122-CDB* has been referred to the U.S. Bankruptcy Court for the Eastern District of Mississippi. Doc. #1. Plaintiff is required to comply with corporate disclosure requirements because it is a corporation, specifically a limited liability company. Doc. #2 (Adversary Proceeding Cover Sheet).

///

[1] *See* Corporate Ownership Statement, Form EDC 3-500 (Rev. 12/2012), https://www.caeb.uscourts.gov/documents/Forms/EDC/EDC.003-500.pdf (visited July 2, 2024).

Here, Plaintiff has not filed a Corporate Ownership Statement. Absent the filing of a Corporate Ownership Statement, the court is unable to comply with its conflict-of-interest obligations pursuant to Canon 3C of the Code of Conduct for United States Judges and 28 U.S.C. § 455.

The court has authority under Fed. R. Civ. P. ("Civ. Rule") 12(f), *incorporated by* Rule 7012(b) and Local Rule of Practice 1001-1(g) to act on its own motion to dismiss this adversary proceeding if such Corporate Ownership Statement is not filed as required by Rule 7007.1.

Based on the foregoing, and for good cause appearing,

**IT IS ORDERED:**

1. Not later than 14 days after the entry of this order, Plaintiff hall file a Corporate Ownership Statement as required by Rule 7007.1.

2. Should Plaintiff fail to timely file the required Corporate Ownership Statement in the time set forth in paragraph (1) above, then Plaintiff, and its attorneys, Bernard J. Kornberg of the law firm of Miller Nash LLP (collectively, "the Firm"), are ordered to appear in person or by videoconference and show cause, if any, why the court should not (a) dismiss the adversary proceeding and/or (b) issue monetary sanctions against Plaintiff's attorney for failing to file the Corporate Ownership Statement required under Rule 7007.1.

3. This order to show cause shall be set for hearing on **July 29, 2026**, at 11:00 a.m. in Department B, Courtroom 13, Fifth Floor, U.S. Courthouse, 2500 Tulare Street, Fresno, California.

///

4. Not later than two weeks prior to the hearing date, the respondents may file written opposition to this order to show cause, and any such opposition shall be supported by specific and admissible evidence as to why the adversary proceeding should not be dismissed and/or monetary sanctions imposed.

5. Absent good and sufficient reason supported by admissible evidence, the court will resolve this order to show cause without further notice or hearing.

6. Should Plaintiff fail to timely file the required Corporate Ownership Statement or admissible evidence in opposition to the order to show cause, the court will issue an order dismissing this adversary proceeding without further notice or hearing under Civ. Rule 12(f), *incorporated by* Rule 7012(b).

7. The parties may determine whether the matter has been resolved without oral argument or whether the court has issued a tentative ruling. The pre-hearing dispositions may be viewed by checking the court's website at http://www.caeb.uscourts.gov after 4:00 p.m. the day before the hearing. Parties appearing telephonically must view the pre-hearing dispositions before the hearing.

**Dated:** Jun 24, 2026

**By the Court**

René Lastreto II

**René Lastreto II, Judge**
**United States Bankruptcy Court**

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Bernard J. Kornberg
340 Golden Shores
Suite 450
Long Beach, CA 90802

Joseph Boufadel
355 South Grand Avenue
Suite 2450
Los Angeles, CA 90071-9500